**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RAMANAND PERSAUD,          :

             Petitioner,   :

             v.            :

J. GRONDOLSKY, Warden,    :

             Respondent.  :

Civil Action No. 08-3243 (JBS)

**O P I N I O N**

**APPEARANCES:**

Ramanand Persaud, Pro Se
#60765-053
F.C.I. Fort Dix
P.O. Box 2000 (East)
Fort Dix, NJ 08640

**SIMANDLE,** District Judge

    Petitioner Ramanand Persaud, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Petitioner also filed an application to proceed in forma pauperis, and an amended petition (docket entry

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

2).  Because it appears from a review of the petition that this Court lacks jurisdiction to consider this petition, and that it is not in the interest of justice to transfer, this Court will dismiss the petition without prejudice.  See 28 U.S.C. §§ 1631, 2243, 2244(a), 2255.

## BACKGROUND

According to the allegations of the petition and previous dockets from Petitioner's prior civil and criminal cases, on November 25, 2002, Petitioner was sentenced by the United States District Court, Eastern District of New York, to 151 months imprisonment for various drug offenses.  He appealed the conviction and sentence, and the United States Court of Appeals for the Second Circuit affirmed on March 15, 2004.

On July 9, 2004, Petitioner filed a motion pursuant to 28 U.S.C. § 2255.  The motion was denied on December 29, 2005.  See Persaud v. United States, 04-cv-2862 (CBA)(docket entries 1, 14). Petitioner's motion for authorization to file a second or successive § 2255 motion was denied by the Court of Appeals.  See id. (docket entry 26).

On September 6, 2006, Petitioner filed a second motion pursuant to § 2255, which was denied on December 22, 2006, see Persaud v. United States, 06-cv-6670 (CBA)(docket entries 1, 3), and a third motion on October 3, 2007, which was denied on

December 19, 2007.  See Persaud v. United States, 07-cv-4706

(CBA)(docket entries 1, 3).

On July 6, 2007, Petitioner filed, in this Court, a petition

for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.

Petitioner argued ineffective assistance of counsel at his

criminal trial, and improper sentencing enhancements.  The

petition was dismissed, without prejudice, on August 8, 2007, for

lack of jurisdiction.  See Persaud v. Samuels, 07-3177 (RMB).

This petition was filed on June 30, 2008.  Here, Petitioner

asserts that he is entitled to seek relief pursuant to 28 U.S.C.

§ 2241, despite the fact that he has filed a previous § 2255

motion, because he is asserting "actual innocence."

Specifically, Petitioner argues, the evidence was insufficient to

prove his conspired to import cocaine, and that the trial court

erred in accepting perjured testimony as evidence.

## DISCUSSION

### A.  Jurisdiction

A pro se pleading is held to less stringent standards than

more formal pleadings drafted by lawyers.  See Estelle v. Gamble,

429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520

(1972).  A pro se habeas petition and any supporting submissions

must be construed liberally and with a measure of tolerance.  See

Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v.

Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United

3

States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989);  see also 28 U.S.C. §§ 2243, 2255.

Petitioner contends that he is entitled to habeas relief pursuant to 28 U.S.C. § 2241.  However, as noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Congress amended § 2255 as part of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA").  Section 2255 states, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United

4

States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

In this case, the sentencing court was the United States District Court for the Eastern District of New York.  Thus, a § 2255 motion must be brought before that Court.[2]

However, Petitioner argues that despite the fact that he has filed a previous § 2255 motion, he is "actually innocent" and relief under § 2255 now is "inadequate or ineffective."  See In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

Section 2255 contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  28 U.S.C. § 2255, ¶ 5.

---

[2]  A motion to vacate, correct or set aside a sentence under § 2255 must be filed in the sentencing Court within one year of the latest of: (1) the date on which the judgment of conviction became final; (2) the date of the removal of any impediment to making such a motion that was created by unlawful government action; (3) the date on which a right asserted by a movant was first recognized by the United States Supreme Court and made retroactive to cases pending on collateral review; or (4) the date on which a movant could have discovered the facts supporting the claim[s] presented through the exercise of due diligence. See 28 U.S.C. § 2255(f).  Furthermore, once a prisoner has filed one § 2255 motion, he may not file a second or successive motion unless he first obtains a certification from a panel of the appropriate Court of Appeals permitting him to do so on the grounds of (1) newly discovered evidence that would clearly and convincingly negate the possibility that a reasonable fact finder would have found the movant guilty of the offense charged, or (2) a previously unavailable and retroactively applicable new rule of constitutional law. See 28 U.S.C. § 2255(h).

In <u>Dorsainvil</u>, the Court of Appeals for the Third Circuit held
that the remedy provided by § 2255 is "inadequate or
ineffective," permitting resort to § 2241 (a statute without
timeliness or successive petition limitations), where a prisoner
who previously had filed a § 2255 motion on other grounds "had no
earlier opportunity to challenge his conviction for a crime that
an intervening change in substantive law may negate."  119 F.3d
at 251.  The court emphasized, however, that its holding was not
intended to suggest that § 2255 would be considered "inadequate
or ineffective" merely because a petitioner is unable to meet the
stringent gatekeeping requirements of § 2255.  <u>See</u> <u>id.</u>  To the
contrary, the court was persuaded that § 2255 was "inadequate or
ineffective" in the unusual circumstances presented in <u>Dorsainvil</u>
because it would have been a complete miscarriage of justice to
confine a prisoner for conduct that, based upon an intervening
interpretation of the statute of conviction by the United States
Supreme Court, may not have been criminal conduct at all.  <u>See</u>
<u>id.</u> at 251-52; <u>see</u> <u>also</u> <u>Cradle v. U.S. ex rel. Miner</u>, 290 F.3d
536, 538 (3d Cir. 2002)(resort to § 2241 proper "only where the
petitioner demonstrates that some limitation of scope or
procedure would prevent a § 2255 proceeding from affording him a
full hearing and adjudication of his wrongful detention claim").

    Thus:

    Section 2255 is not "inadequate or ineffective" merely
    because the sentencing court does not grant relief, the

one-year statute of limitations has expired, or the
petitioner is unable to meet the stringent gatekeeping
requirements of the amended § 2255. The provision
exists to ensure that petitioners have a fair
opportunity to seek collateral relief, not to enable
them to evade procedural requirements.

Cradle, 290 F.3d at 539.

More recently, the Court of Appeals for the Third Circuit
emphasized the narrowness of its Dorsainvil holding when it
rejected a district court's conclusion that § 2255 was
"inadequate or ineffective" to address a claim based on Apprendi
v. New Jersey, 530 U.S. 466, 490 (2000). See Okereke v. United
States, 307 F.3d 117 (3d Cir. 2002) (in which the petitioner had
been sentenced based upon a drug quantity determined at
sentencing by a judge using the preponderance of evidence
standard). The Court distinguished the intervening change in the
law in Dorsainvil, which was one "that potentially made the crime
for which that petitioner was convicted non-criminal." Id. at
120-21.

Here, Petitioner does not allege that the crime for which he
was convicted is now "non-criminal." Nor does his claim of
"actual innocence" derive from a new and retroactive rule of
constitutional law or newly-discovered facts. To the contrary,
Petitioner seeks to challenge the evidence presented at his
trial, which he could and should have done during his direct
appeal and previous § 2255 motions. Simply because Petitioner
cannot meet the gatekeeping requirements of § 2255, does not

permit him to resort to § 2241.  Instead, this petition must be construed as a second or successive § 2255 motion, which the Court of Appeals for the Second Circuit has not certified Petitioner to file, and over which this Court lacks jurisdiction.[3] See 28 U.S.C. § 2255.

**B.   Transfer**

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

Because Petitioner does not assert any ground for relief justifying authorization to file a second or successive § 2255 petition, and because he has previously attempted to maintain certification to file a second or successive § 2255 motion and was denied, it does not appear that transfer would be in the

---

[3] Although this Court is reclassifying the petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals. Because Petitioner in this case has already filed § 2255 motions which were addressed by the sentencing court, and because the current petition is itself "second or successive," no purpose would be served by a Miller notice.

interest of justice.  Accordingly, the petition will be dismissed without prejudice for lack of jurisdiction.  Petitioner may file for certification in the Court of Appeals for the Second Circuit to file another § 2255 motion in the Eastern District of New York, if he so chooses.

<u>**CONCLUSION**</u>

For the reasons set forth above, this action will be dismissed without prejudice.  An appropriate order follows.

<u>**s/ Jerome B. Simandle**</u>
JEROME B. SIMANDLE
United States District Judge

Dated: **July 30, 2008**